IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | | |
|---|---|---|
| JUAN ACOSTA, et al., | § § § | |
| Plaintiffs, | § § | |
| vs. | § § | CAUSE NO. EP-02-CA-0564-FM |
| THE COUNTY OF EL PASO, TEXAS | § § § | |
| Defendant. | § | |

### ORDER APPROVING SETTLEMENT, DISMISSING CLAIMS WITH PREJUDICE AND DIRECTING ENTRY OF FINAL JUDGMENT

On December 16, 2004, Plaintiffs and Defendant filed their Joint Motion for Approval of Settlement. The Court has reviewed the Joint Motion and notes that the parties are in agreement on the terms and conditions of the settlement and simply seek approval of the settlement so that it will be fully binding on the parties. Therefore, being fully advised in the premises, The Court hereby finds, ORDERS and enters judgment as follows:

1. This case involves state and federal claims of unpaid overtime by a group of Detention Officers, Sergeants and Lieutenants employed full time at the El Paso County Detention Center during all or part of the period from October 1, 1998 through December 24, 2004 ("the Plaintiffs").

2. The case was filed on or about November 22, 2002, as a collective action under the applicable provisions of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 et seq., and as a breach of contract action under Texas state statutes.

3. Plaintiffs' FLSA claims were brought by individuals who executed consent forms "opting-in" to the collective action which were filed with the Original Complaint herein.

4.   Plaintiffs filed their Original Complaint on or about November 22, 2002, and subsequently filed several Amended Complaints with attached consent forms adding additional opt-in Plaintiffs, however, during the course of this case a number of Plaintiffs withdrew from participation in the lawsuit, but at the time of the Settlement, 235 "opt-ins" remained in this case as Plaintiffs.

5.   By Order of June 3, 2003, this Court granted collective action recognition to the FLSA claims and authorized the issuance of 29 U.S.C. § 216(b) Notice to the members of the collective who were defined as: "All past and present individuals who worked for the El Paso County Sheriff's Department as Sheriff's officers from October 1, 1998 through September 30, 2002 who were not paid overtime compensation."

6.   The Court's Order of June 3, 2003, "certifies a class" of FLSA Plaintiffs, but also explains: " 'Certification' in the FLSA context means that the Court allows the suit to proceed as a collective action in accordance with the requirements of § 216(b). *See* 29 U.S.C. § 216(b)." Order of June 3, 2003, at fn 1.

7.   The same Order of June 3, 2003, denied class certification on the state law claims.

8.   On or about July 7, 2004, and pursuant to the approval of the Court, Notice of the FLSA claims in this suit was sent to the putative plaintiffs who were members of the collective as defined in paragraph 2 above.

9.   Thereafter, those Sheriff's Officers who desired to opt-in to this lawsuit did so by signing and filing Consent Forms with the Court.

10.   At the time the Notice was sent, approximately 192 current and former Sheriff's Officers of the El Paso County Sheriff's Department had opted-in to the lawsuit.

11.   Pursuant to the Orders of this Court, all those individuals who desired to participate in this suit were required to sign and deliver their Consent Forms not later than August 4, 2004.

12. Following the issuance of the Notice and the expiration of the deadline for opting-in to the lawsuit, 315 Sheriff's Officers had opted-in and become Plaintiffs by filing their Consent Forms with the Court.

13. During the course of this lawsuit, 80 Sheriff's Officers withdrew as Plaintiffs and at the time of the Settlement, 235 Plaintiffs remained in the case comprised of current and former Sheriff's Officers along with three additional plaintiffs that joined the action at the time of settlement by agreement of all parties (and whose Consent Forms have been filed with the Court) so that the total plaintiffs at the time of settlement included: 2 Lieutenants, 11 Sergeants and 225 Detention Officers.

14. The substance of the alleged FLSA and breach of contract violations arose from the contentions of the Plaintiffs that from October 1, 1998 through December 24, 2004, ("the Recovery Period") they were not paid for time worked during pre-shifts, post shifts, meal periods, and training duties and activities.

15. The alleged uncompensated time claimed by Plaintiffs came about as a result of working at the same facilities under the same timekeeping rules, regulations, and procedures.

16. The Plaintiffs contend that during their pay periods, they regularly were not paid for approximately 15 to 45 minutes of pre-shift work, approximately 15 minutes to one hour of post shift work, and additional small components of training time.

17. The Plaintiffs further allege that the Lieutenants and Sergeants who participated as Plaintiffs in this case worked significantly more uncompensated overtime than the Detention Officers who participated as Plaintiffs in this case because the Lieutenants and Sergeants, as shift supervisors worked more unpaid pre-shift and post-shift time than the Detention Officers due to the nature of the shift supervisors' responsibilities.

18. All the Plaintiffs also contend that they were not provided with bona fide meal breaks because they were not completely relieved from duty during their meal breaks and the meal breaks were for the predominate benefit of the employer, as a result of which, all of the Plaintiffs also assert that the 30 minute paid meal break is actually working time for which they are entitled to be paid.

19. The Defendant denies all of Plaintiffs' allegations of liability and has vigorously defended this matter and Defendant further contends that this Agreement is made solely for the purpose of avoiding litigation and making peace and that in entering into this Agreement, Defendant is in no way admitting liability, but is expressly denying liability.

20. After the expenditure of considerable time, effort, and expense by the parties and their attorneys, and following mediation and extensive negotiations, the parties agreed on December 7, 2004, to settle all claims made the basis of this lawsuit.

21. The Plaintiffs in this suit, including the three additional Sergeants, have agreed to dismiss their claims under the Fair Labor Standards Act and state cause of action of breach of contract with prejudice and fully settle and compromise the above action in exchange for a lump sum payment by the Defendant of $635,000.00, inclusive of all employer contributions, to be paid not later than December 24, 2004.

23. The parties also agreed to file a Joint Motion for Court Approval of Settlement to request a finding from the Court that the settlement is fair, reasonable and adequate and requesting the Court to dismiss this case with prejudice, with all parties to bear their own costs, and to enter final judgment pursuant to Fed. R. Civ. P. 58.

24. The terms and conditions of the settlement are as follows:

    a. "Plaintiffs" are defined as all of the Plaintiffs who are represented by the undersigned Plaintiffs' counsel on the date of their settlement agreement and who filed

opt-in notices as described more fully herein, and their heirs and successors, representatives, agents, and attorneys.

b.  "Defendant" is defined as the County of El Paso and its employees, elected officials, officers, successors, representatives, agents and attorneys.

c.  The County of El Paso will pay the total sum of $635,000.00 (Six hundred thirty-five thousand dollars) inclusive of all employer contributions ("the Total Settlement") not later than December 24, 2004, as full and final settlement of all claims asserted in this lawsuit inclusive of all of the Plaintiffs' attorneys' fees, expenses, and costs. The amount remaining after payment of Plaintiffs' attorneys' fees and expense reimbursements ("the Settlement Fund") will be distributed by counsel for Plaintiffs to the Plaintiffs and the three additional Sergeants ("the Settling Individuals"). After payment of attorneys' fees and case related expenses from the Total Settlement, the Settling Individuals shall receive shares of the Settlement Fund as follows:

i.)  Each of the Settling Individuals who executed and filed "consents" to "opt-in" to the FLSA collective action will receive $150.00 each, in addition to any other settlement payment;

ii.)  The Settling Individuals who provided discovery responses in this lawsuit shall receive $600.00 each, in addition to any other settlement payment;

iii.)  The Settling Individuals who were deposed in this lawsuit shall receive $1,000.00 each, in addition to any other settlement payment;

iv.)  The Settling Individuals who served as members of the Plaintiffs' Steering Committee in this case shall receive $250.00 each, in addition to any other settlement payment;

v.)  The Lieutenants and Sergeants who participated in this case and the three additional Sergeants whose claims were shortly to have been filed shall receive $9,500.00 each, in addition to any other settlement payment;

vi.)  The remaining settlement proceeds shall be paid to all the Settling Individuals on a pro rata basis determined by the length of time each individual was employed by the County of El Paso during the Recovery Period. For example, if a Settling Individual was employed by Defendant for the entire 209 weeks of the Recovery Period that individual would be entitled to a full pro rata share (209/209ths or 100%). On the other hand, if a Settling Individual was employed for only 104 and 1/2 weeks of the Recovery Period that individual would be entitled to a half share (104.5/209ths or 50%) and so on.

d.  The County will issue checks to Plaintiffs' attorneys for payment of attorneys' fees and expense reimbursements pursuant to the agreements between Plaintiffs and their counsel and in amounts to be provided to the County by Plaintiffs' attorneys.

e. The County will then issue individual checks from the Settlement Fund for each of the Settling Individuals, in the amounts provided to the County by Plaintiffs' attorneys, consistent with paragraph "c." above.

f. The County will withhold the appropriate taxes including retirement (employer and employee) contributions for current employees and other mandatory (employer and employee) taxes for both current and former employees and will provide these individual checks to Plaintiffs' counsel not later than December 24, 2004, for distribution to the Settling Individuals.

g. Plaintiffs' counsel will obtain signed individual releases (in a form consistent with Exhibit "B" to the Joint Motion for Approval of Settlement) from each of the Settling Individuals at the time of or before they receive their individual settlement check and will provide the County with copies of these signed individual releases within 10 days of the disbursement of the check.

h. Any individual settlement checks which are unclaimed after 90 days will be returned to the County by Plaintiffs' counsel. The County will then void these checks and reissue new checks payable to those Plaintiffs who claimed their original checks. These reissued checks will be made payable in equal amounts to each of the Plaintiffs who claimed their original checks. The County will withhold the appropriate taxes including retirement (employer and employee) contributions for current employees and other mandatory (employer and employee) taxes for both current and former employees and will mail these individual checks directly to Plaintiffs at their current address. The County will also simultaneously mail to Plaintiffs' counsel a copy of all the reissued checks.

i. All claims asserted in this lawsuit will be dismissed with prejudice, with all parties to bear their own costs.

25. Release and Discharge:

The parties also have agreed to mutual releases in the form set out in the Settlement Agreement attached as Exhibit "C" to the Joint Motion for Approval of Settlement. These mutual releases are fully binding and are a complete settlement between all parties, Plaintiffs, and Defendant, as defined herein, and anyone represented by or claiming through such parties. The parties also have agreed that the payment of the sum specified herein and the acceptance of the release of claims herein represent the compromise of matters involving disputed issues of law and fact, and each party assumes the risk that the facts or laws may be otherwise than they believe.

IT IS THEREFORE ORDERED, ADJUDGED, AND DECREED that the Settlement in this case is APPROVED as set forth above and that this lawsuit is dismissed with prejudice, with all parties to bear their own costs.

It is further ORDERED that the Clerk of Court shall enter final judgment as specified herein pursuant to Fed. R. Civ. P. 58.

Dated: December 17, 2004

s/ HONORABLE FRANK MONTALVO
Judge, Western District of Texas

**AGREED AS TO FORM:**

Marjorie Wilcox Jobe
State Bar No. 21453075
**The Jobe Law Firm**
100 N. Stanton, Suite 1810
El Paso, Texas 79901
915-532-3200
915-532-3206 fax

David L. Kern
State Bar No. 11334450
**Kern & Kalman PLLC**
701 N. St. Vrain
El Paso, Texas 79902
(915) 542-1983

**Counsel for Plaintiffs, Juan Acosta et al**

Dated: 12-16-04

**AGREED AS TO FORM:**

Ralph E. Girvin, Asst. County Attorney
State Bar No. 00795376

Daniel Ordoñez, Asst. County Attorney
State Bar No. 24013271

500 East San Antonio, Room 503
El Paso County Courthouse
El Paso, Texas 79901
915-546-2050
915-546-2133 fax

**Counsel for Defendant, El Paso County**

Dated: 12/16/04